**UNITED STATES of America,**
**Appellee,**

v.

**Willard PERRY, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Modis PERRY, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Herbert Hoover BROWN, Appellant.**

**Nos. 11405–11407.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1968.

Decided Jan. 23, 1968.

John E. Davenport, Nashville, N. C. (Court-appointed counsel), for appellants.

Larry G. Ford, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), and William S. McLean, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), for appellee the United States.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and MERHIGE, District Judge.

PER CURIAM:

Each of the appellants was convicted in the District Court of violating 26 U.S.C. § 5686(a) by having in his possession, in the eastern part of North Carolina, property intended for use in violation of the provisions of the Internal Revenue laws relating to the manufacture and sale of untaxpaid whiskey. Modis Perry and Willard Perry were charged and tried together. Herbert Hoover Brown was charged and tried separately.

The property was half-gallon jars. In the period of May 24 through June 27, 1966 Brown purchased from a small country store 13,308 jars, and from February 23 to May 3, 1966 Modis and Willard Perry, jointly and apart, purchased at the same store 20,496 such jars. Regular retail prices were paid for them. The undisputed testimony was that these containers are customarily used for handling illicit whiskey, and the proof here suggests no other need for them.

Contrary to the contention of the appellants we think the unexplained possession of so great a number of jars, together with some other pertinent circumstances, warranted the jury in each instance in finding the appellants' guilt beyond a reasonable doubt. Nor do we find substance in the appellants' attack upon the sufficiency of the criminal information, or assignments of error to the other incidents of trial. From our study of the question whether there was any breach of the rule of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.

Ed.2d 694, we are persuaded that in its particular context the arresting officer's conduct was not actually a departure from *Miranda's* rule.

Affirmed.